**LANE & NACH, P.C.**
2025 North Third Street
The Brookstone - Suite 157
Phoenix, Arizona 85004
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Stuart B. Rodgers – 025720
Email: stuart.rodgers@lane-nach.com
Paul M. Hilkert – 028934
Email: paul.hilkert@lane-nach.com

Attorney for Eric M. Haley, Trustee and Plaintiff

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>JOHN F. ESPOSITO,<br><br>  Debtor.<br>─────────────────<br>ERIC M. HALEY, CHAPTER 7 TRUSTEE<br><br>  Plaintiff,<br><br>vs.<br><br>RITA ESPOSITO, or her successor(s), trustee of THE FRANK AND RITA ESPOSITO TRUST,<br><br>  Defendant. | (Chapter 7 Case)<br><br>Case No. 2:12-bk-06101-GBN<br><br>Adversary No. 2:13-ap-00455-GBN<br><br>**COMPLAINT TO AVOID TRANSFER**<br><br>**COUNT I: FRAUDULENT TRANSFER (11 U.S.C. §§544, 550 and 551) – Actual Fraud**<br><br>**COUNT II: FRAUDULENT TRANSFER (11 U.S.C. §§544, 550 and 551) – Constructive Fraud**<br><br>**COUNT III: FRAUDULENT TRANSFER (11 U.S.C. §§548, 550 and 551)**<br><br>**COUNT IV: UNAUTHORIZED POST-PETITION TRANSFER OF ESTATE PROPERTY (11 U.S.C. §§549, 550 and 551)** |

Eric M. Haley, Chapter 7 Trustee, by and through his attorneys undersigned, for his Complaint against Defendant, respectfully alleges as follows:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b). This is a "core" proceeding as defined in 28 U.S.C. §157.

2. Venue is proper before this Court pursuant to 28 U.S.C. §1409.

3. This case was commenced by voluntary petition filed by the Debtor under Chapter 7 on March 26, 2012.

4. Plaintiff is the duly appointed and acting Trustee of the Chapter 7 Estate.

5. Upon information and belief, Defendant Rita Esposito (hereafter "**Defendant**") is the trustee of The Frank and Rita Esposito Trust ("**Trust**") and resides in the District of California.

6. Upon information and belief, Patricia McCann is the daughter of Rita Esposito, is a named beneficiary of the Trust, and is the financial manager of the Trust.

7. On or about December 20, 2012, Trustee conducted a Rule 2004 Examination of Patricia McCann relating to the financial transactions of the Trust.

8. Upon information and belief, all events complained of herein occurred in the District of California or the District of Arizona.

9. John F. Esposito, Debtor, provided Trustee with a copy of the following promissory notes:

| Date of Loan | Principal Balance | Interest Rate | Named Lender | Named Borrower |
| --- | --- | --- | --- | --- |
| June 4, 2004 | $ 38,000.00 | 3.00% | Trust | Debtor |
| June 4, 2004 | $ 200,000.00 | 3.00% | Trust | Debtor |
| August 20, 2004 | $ 25,000.00 | 3.00% | Trust | Debtor |
| August 25, 2004 | $ 80,000.00 | 3.00% | Trust | Debtor |
| June 27, 2005 | $ 250,000.00 | 3.00% | Trust | Debtor |
| November 29, 2005 | $ 37,812.00 | 3.00% | Trust | Debtor |
| March 15, 2006 | $ 7,500.00 | 3.00% | Trust | Debtor |
| January 20, 2007 | $ 24,000.00 | 3.00% | Trust | Debtor |
| June 1, 2007 | $ 16,400.00 | 3.00% | Trust | Debtor |
| August 1, 2007 | $ 8,200.00 | 3.00% | Trust | Debtor |
| July 17, 2009 | $ 15,000.00 | 3.00% | Trust | Debtor |
| August 15, 2009 | $ 124,063.00 | 3.00% | Trust | Debtor |
| September 1, 2009 | $1,200,000.00 | 3.00% | Trust | Debtor |

10. Based upon the testimony of Patricia McCann, the Debtor failed to make any interest or principal payments on the above promissory notes ("**Unpaid Notes**").

11. Debtor provided Trustee with a copy of a promissory note dated June 5, 2005 in the principal amount of $90,000.00 with a stated interest rate of 3.0% per annum, which promissory note names Rita

Esposito on behalf of The Frank and Rita Esposito Trust as lender and Debtor as borrower ("**June 5, 2005 Note**").

12. Based upon the testimony and documentation provided by Patricia McCann, the Debtor made inconsistent payments on the June 5, 2005 Note through March 24, 2008, at which point, Debtor ceased making payments on this loan.

13. Debtor provided Trustee with a copy of a promissory note dated June 30, 2005 in the principal amount of $100,000.00 with a stated interest rate of 3.0% per annum, which promissory note names Rita Esposito on behalf of The Frank and Rita Esposito Trust as lender and Debtor as borrower ("**June 30, 2005 Note**").

14. Based upon the testimony and documentation provided by Patricia McCann, the Debtor failed to make any payments on the June 30, 2005 Note until January 2008, and began making regular monthly interest only payments in July 2008, which payments continued through the commencement of the bankruptcy case.

15. Collectively the Unpaid Notes, the June 5, 2005 Note and the June 30, 2005 Note are referred to as the ("**Alleged Promissory Notes**").

16. Based upon the testimony and documentation provided by Patricia McCann, the Trust received approximately $9,365.00 in payments on the June 5, 2005 Note and the June 30, 2005 Note with no payments having been received on any of the Unpaid Notes.

17. Debtor provided Trustee with a copy of a promissory note dated August 15, 2009 in the principal amount of $124,063.00 with a stated interest rate of 3.0% per annum, which promissory note names Rita Esposito on behalf of the Trust as lender and Debtor as borrower ("**Interest Note**"). The Interest Note indicates that the principal amount of the note represents accrued interest on all of the Alleged Promissory Notes executed by the Debtor.

18. Upon information and belief, the Debtor failed received no value in exchange for executing the Interest Note.

19. Based upon the testimony of Patricia McCann, the Debtor failed to make any interest or principal payments on the Interest Note.

20. Debtor provided Trustee with a copy of a promissory note dated September 1, 2009 in the principal amount of $1,200,000.00 with a stated interest rate of 3.0% per annum, which promissory note names Rita Esposito on behalf of The Frank and Rita Esposito Trust as lender and Debtor as borrower ("**Principal Note**").

21. Upon information and belief, the Debtor received no value in exchange for executing the Principal Note.

22. Based upon the testimony of Patricia McCann, the principal balance of the Principal Note represented the estimated outstanding principal balance due and owing on all oral and written promissory notes between the Trust and the Debtor.

23. Upon information and belief, and based upon the testimony of Patricia McCann, the Debtor failed to make any interest or principal payments the September 1, 2009 Note.

24. On or about January 27, 2006, Debtor executed and delivered to M&I Marshall & Ilsley Bank ("**M&I Bank**") a promissory note in the amount of $1,350,000.00, which promissory note was secured by a deed of trust on an undeveloped lot in Maricopa County, Arizona, Tax Parcel Number 300-06-006A3 ("**Undeveloped Land**").

25. Upon information and belief, during 2008, the Debtor defaulted on the loan secured by the Undeveloped Land.

26. On or about June 30, 2009, M&I Bank assigned the promissory note and beneficial interest under the Deed of Trust to SBP Financial, LLC ("**SBP**"), an Arizona limited liability company.

27. Upon information and belief, Debtor failed to cure and otherwise remained in default of the terms of the promissory note secured by the Undeveloped Land.

28. As a result of Debtor's failure to cure the default on his obligation to SBP, on or about August 31, 2009, SBP caused to be recorded with the Maricopa County Recorder's office a Notice of Trustee's Sale; which Trustee Sale was conducted on December 1, 2009.

29. On or about August 13, 2009, Debtor executed a mortgage, naming as mortgagee the Trust, in certain real property owned free and clear by the Debtor and located 198 N. Ocean Ave., Cayucos, CA 93430 ("**Real Property**"), which mortgage was perfected through recordation in the San Luis Obispo County Recorder's office on August 17, 2009 at docket # 2009046152 ("**Lien**").

30. On or about December 17, 2009, SBP commenced an action against Debtor and Jane Doe Esposito in Maricopa County Superior Court, Case No. CV2009-039142, in which SBP sought recovery against Debtor in the approximate amount of $1,129,176.62 resulting from a deficiency balance which remained after SBP foreclosed on its Lien.

31. Upon information and belief, the Real Property was subject to a lease at the time the Debtor granted the Trust the mortgage in the Real Property.

32. Upon information and belief, upon recording the mortgage, the Trust began to collect the rent payments being generated from the Real Property pursuant to an assignment of rents provision contained within the mortgage.

33. Based upon the Form 1099-Misc provided by Patricia McCann, the Trust received rental income from the Real Property in the amount of $22,600.00 for the calendar year ended 2009.

34. Based upon the Form 1099-Misc provided by Patricia McCann, the Trust received rental income from the Real Property in the amount of $66,300.00 for the calendar year ended 2010.

35. Upon information and belief, and based upon the 2010 1099-Misc, the Trust received rental income from the Real property in the amount of not less than $49,155.00 for the period beginning January 1, 2011 and ending September 22, 2011.

36. Based upon the foregoing, the Trust received rental income from the Real Property for the period from 2009 through September 22, 2011 in the total amount of $138,055.00 ("**Rent Proceeds**").

37. On or about September 22, 2011, the Debtor sold the Real Property to Samer and Salem Ajjan for $625,000.00.

38. On or about September 22, 2011, Rita Esposito as Trustee of The Frank and Rita Esposito Trust received from Samer and Salem Ajjan a promissory note in the principal amount of $600,000.00 with a stated interest rate of 6.50 percent per annum, which promissory note required monthly principal and interest payments of $8,031.74 for the period beginning October 22, 2011 and ending September 22, 2019 ("**Sale Note**").

39. On information and belief, the Sale Note is secured the Real Property and such security interest was perfected by a Mortgage ("**Sale Mortgage**").

40. Upon information and belief and based upon the terms of the Sale Note, the Trust received principal and interest payments in the amount of not less than $24,095.22 for the calendar year ended 2011.

41. Upon information and belief and based upon the terms of the Sale Note, the Trust received principal and interest payments in the amount of not less than $98,380.88 for the calendar year ended 2012.

42. Upon information and belief and based upon the terms of the Sale Note, the Trust received principal and interest payments in the amount of not less than $24,095.22 for the period beginning January 1, 2013 and ending April 1, 2013.

43. Based upon the foregoing, the Trust received principal and interest payments from the Real Property for the period September 22, 2011 through April 1, 2013 in the total amount of $144,571.32 ("**Sale Proceeds**").

**FIRST CAUSE OF ACTION – FRAUDULENT TRANSFER**
**11 U.S.C. §§ 544, 550, and 551;**
**Actual Fraud**

44. The Plaintiff reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

45. Plaintiff alleges that at the time the Debtor received the payments from the Trust, said payments were not intended as loans but were instead intended as distributions to Debtor.

46. Upon information and belief, the Alleged Promissory Notes were not created on the dates indicated on the notes with the purpose of creating an obligation of repayment from the Debtor to the Trust.

47. Pursuant to 11 U.S.C. § 544(b), the Trustee is authorized to "avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim . . . ."

48. Pursuant to California's Uniform Fraudulent Transfer Act, specifically Cal. Civ. Code §§ 3439.04(a)(1) and (b), a transfer as to present and future creditors is actually fraudulent if the following conditions are met:

(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows:

(1) With actual intent to hinder, delay, or defraud any creditor of the debtor.

. . . .

(b) In determining actual intent under paragraph (1) of subdivision (a), consideration may be given, among other factors, to any or all of the following:

(1) Whether the transfer or obligation was to an insider.

(2) Whether the debtor retained possession or control of the property transferred after the transfer.

(3) Whether the transfer or obligation was disclosed or concealed.

(4) Whether before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.

(5) Whether the transfer was of substantially all the debtor's assets.

(6) Whether the debtor absconded.

(7) Whether the debtor removed or concealed assets.

(8) Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.

(9) Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.

(10) Whether the transfer occurred shortly before or shortly after a substantial debt was incurred.

(11) Whether the debtor transferred the essential assets of the business to a lienholder who transferred the assets to an insider of the debtor.

49. Pursuant to Cal. Civ. Code § 3439.09(a), a creditor has four years from the date of the transfer to commence an action under Cal. Civ. Code § 3439.04(a)(1).

50. The Lien was granted for the benefit of the Trust, the beneficiaries of which are insiders.

51. The Debtor was a beneficiary of the Trust at the time the Lien was granted.

52. Upon information and belief, at the time of the Lien, the Debtor was aware or reasonably certain that SBP was about to file a lawsuit against him.

53. The Lien encumbered substantially all of the Debtor's assets.

54. The consideration received was not reasonably equivalent to the value of the asset transferred.

55. The Debtor either was or became insolvent after the Lien was granted.

56. Based upon the foregoing, Plaintiff alleges that the granting of the mortgage on the Real Property for the benefit of the Trust constitutes an actual fraudulent transfer pursuant to Cal. Civ. Code § 3439.04(a)(1), which is avoidable by the Plaintiff pursuant to 11 U.S.C. § 544(b).

57. Alternatively, although Plaintiff is confident that California UFTA is the applicable state law, the Transfer is also avoidable pursuant to Arizona's Uniform Fraudulent Transfer Act, specifically Ariz. Rev. Stat §§ 44-1004(A)(1) and (B) for the reasons set forth above.

58. Pursuant to 11 U.S.C. §550, the Trustee is entitled to recover the property transferred or the value of such property.

59. Pursuant to 11 U.S.C. §551, upon avoidance of the Lien, the property or its value is preserved for the benefit of the bankruptcy estate.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

a. Avoiding the Lien as a fraudulent transfer and preserving the property transferred, or its value, for the benefit of the Bankruptcy Estate;

b. Assigning to the Trustee the Sale Note and corresponding Sale Mortgage which were obtained from the sale of Estate Property;

c. Directing the Defendant to execute all documentation necessary to assign the Sale Note and Sale Mortgage.

d. Authorizing the Trustee to execute any and all documentation necessary, including an assignment or release of mortgage and an assignment of the Sale Note and Sale Mortgage;

e. Awarding Plaintiff $138,055.00 which amount represents the Rental Proceeds received by the Trust for the period from 2009 through September 22, 2011;

Lane & Nach, P.C.
2025 North Third Street, Suite 157
Phoenix, AZ 85004

9

f. Awarding Plaintiff $144,571.32 which amount represents the total Sale Proceeds received by the Trust for the period beginning September 22, 2011 and ending April 1, 2013; and

g. For such other and further relief as this Court deems just and proper.

**SECOND CAUSE OF ACTION – FRAUDULENT TRANSFER**
**(11 U.S.C. §§ 544, 550, and 551)**
**Constructive Fraud**

60. The Plaintiff reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

61. Pursuant to Cal.Civ.Pro.Code § 337, the statute of limitations to commence an action based upon a written contract is four years.

62. Based on the records provided by the Trust, at the time that Debtor executed the Interest Note, which purported to capture accumulated interest of all previous notes, and the Principal Note, which purported to capture all unpaid principle amounts of all previous notes, the following written promissory notes were more than four years in default:

| Date of Loan | Principal Balance | Interest Rate | Note in Default | Named Lender | Named Borrower |
|---|---|---|---|---|---|
| June 4, 2004 | $ 38,000.00 | 3.00% | Yes | Trust | Debtor |
| June 4, 2004 | $ 200,000.00 | 3.00% | Yes | Trust | Debtor |
| August 20, 2004 | $ 25,000.00 | 3.00% | Yes | Trust | Debtor |
| August 25, 2004 | $ 80,000.00 | 3.00% | Yes | Trust | Debtor |
| June 27, 2005 | $ 250,000.00 | 3.00% | Yes | Trust | Debtor |

("**Uncollectible Notes**").

63. Based on the records provided by the Trust, at the time that Debtor executed the Interest Note, which purported to capture accumulated interest of all previous notes, and the Principal Note, which purported to capture all unpaid principle amounts of all previous notes, the following written promissory notes were less than four years in default:

Lane & Nach, P.C.
2025 North Third Street, Suite 157
Phoenix, AZ 85004

10

| Date of Loan | Principal Balance | Interest Rate | Note in Default | Named Lender | Named Borrower |
|---|---|---|---|---|---|
| June 5, 2005 | $ 90,000.00 | 3.00% | No | Trust | Debtor |
| June 30, 2005 | $ 100,000.00 | 3.00% | No | Trust | Debtor |
| November 29, 2005 | $ 37,812.00 | 3.00% | Yes | Trust | Debtor |
| March 15, 2006 | $ 7,500.00 | 3.00% | Yes | Trust | Debtor |
| January 20, 2007 | $ 24,000.00 | 3.00% | Yes | Trust | Debtor |
| June 1, 2007 | $ 16,400.00 | 3.00% | Yes | Trust | Debtor |
| August 1, 2007 | $ 8,200.00 | 3.00% | Yes | Trust | Debtor |
| July 17, 2009 | $ 15,000.00 | 3.00% | Yes | Trust | Debtor |

64. Pursuant to Cal.Civ.Pro.Code § 339, the statute of limitations to commence an action based upon an oral contract is two years.

65. Pursuant to Debtor's testimony at his Rule 2004 Examination, there were also some alleged loans subject to oral contracts, all of which were entered into more than two years prior to the execution of the mortgage for the Real Property, and all of which were in default for more than two years. Accordingly, pursuant to Cal.Civ.Pro.Code § 339, Trustee alleges that all of the oral contracts were unenforceable by the Trust at the time the Trust received the mortgage on the Real Property.

66. Plaintiff alleges that the Interest Note included interest amounts which were uncollectable by the Trust as to the Uncollectible Notes and that the Trust had recourse for no more than approximately $9,000.00 at the time the Interest Note was executed.

67. Plaintiff alleges that the Principal Note in the face amount of $1,200,000.00 included principle amounts which were uncollectable by the Trust as to the Uncollectible Notes and that the Trust had recourse for no more than $298,912.00 at the time the Principal Note was executed.

68. Pursuant to 11 U.S.C. § 544(b), the Trustee is authorized to "avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim . . . ."

69. Pursuant to California's Uniform Fraudulent Transfer Act, specifically Cal. Civ. Code § 3439.04(a)(2), a transfer as to present and future creditors is constructively fraudulent if the following conditions are met:

    (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows:

    . . . .

    (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either:

        (A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.

        (B) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

70. Pursuant to Cal. Civ. Code § 3439.09(b), a creditor has four years from the date of the transfer to commence an action under Cal. Civ. Code § 3439.04(a)(2).

71. Debtor granted the Lien, which purportedly secured the Interest Note and the Principal Note, which evidenced valid debts of no more than $306,912.00.

72. On information and belief, at the time of the Lien, the value of the Real Property was no less than $600,000.00.

73. The consideration Debtor received in exchange for the Lien was not reasonably equivalent to the value of the Real Property.

74. Upon information and belief, at the time of the transfer, the Debtor was aware that SBP was in the process of foreclosing the Real Property and planned to commence litigation against the Debtor to recover the deficient balance due and owing on the real property.

75. To the extent that SBP was successful in its pursuit of a deficiency judgment, the Debtor had insufficient assets to pay the deficiency judgment.

76. Based upon the foregoing, Plaintiff alleges that the granting of the mortgage on the Real Property for the benefit of the Trust constitutes a constructively fraudulent transfer pursuant to Cal. Civ. Code § 3439.04(a)(2), which is avoidable by the Plaintiff pursuant to 11 U.S.C. § 544(b).

77. Pursuant to 11 U.S.C. §550, the Trustee is entitled to recover the property transferred or the value of such property.

78. Pursuant to 11 U.S.C. §551, upon avoidance of the Lien, the property or its value is preserved for the benefit of the bankruptcy estate.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

a. Avoiding the Principal Note as a fraudulent transfer;

b. Avoiding the Interest Note as a fraudulent transfer;

c. Avoiding the Lien as a fraudulent transfer and preserving the property transferred, or its value, for the benefit of the Bankruptcy Estate;

d. Assigning to the Trustee the Sale Note and corresponding Sale Mortgage which were obtained from the sale of Estate Property;

e. Directing the Defendant to execute all documentation necessary to assign the Sale Note and Sale Mortgage.

f. Authorizing the Trustee to execute any and all documentation necessary, including an assignment or release of mortgage and an assignment of the Sale Note and Sale Mortgage;

g. Awarding Plaintiff $138,055.00 which amount represents the Rental Proceeds received by the Trust for the period from 2009 through September 22, 2011;

h. Awarding Plaintiff $144,571.32 which amount represents the total Sale Proceeds received by the Trust for the period beginning September 22, 2011 and ending April 1, 2013; and

i. For such other and further relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION – FRAUDULENT TRANSFER
### (11 U.S.C. §§ 548, 550, and 551)

79. The Plaintiff reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

80. Pursuant to 11 U.S.C. § 548(a)(1)(A), a transfer is fraudulent if it was made within two years prior to the date of the filing of the petition and the debtor voluntarily or involuntarily made such transfer with the actual intent to hinder, delay, or defraud a current or future creditor.

81. Based upon the tax documentation provided by Patricia McCann on behalf of the Trust, from the date the Debtor granted the mortgage in the Real Property for the benefit of the Trust, through the filing of this Complaint, the Trust has received all Rental Proceeds and Sale Proceeds generated from the Real Property.

82. Plaintiff alleges that the continued receipt of the Rental Proceeds and Sale Proceeds by the Trust constitute Continuing Transfers, and as a result, the mortgage and all Rental Proceeds and Sale Proceeds collected by the Trust are subject to avoidance pursuant to 11 U.S.C. § 548(a)(1)(A), or alternatively, all Rental Proceeds and Sale Proceeds collected by the Trust for the two year period prior to the commencement of the bankruptcy case are subject to avoidance.

83. Pursuant to the allegations set forth in Count One along with the Continuing Transfers, Plaintiff alleges that the granting of the mortgage in the Real Property for the benefit of the Trust constitutes an actual fraudulent transfer which is avoidable and recoverable by the Estate pursuant to 11 U.S.C. §§ 548(a)(1)(A), 550, and 551.

84. Pursuant to 11 U.S.C. § 548(a)(1)(B) a transfer is fraudulent if it was made within two years prior to the date of the filing of the petition and the debtor voluntarily or involuntarily received less than reasonably equivalent value for the transfer and was insolvent when the transfer was made or became insolvent as a result of the transfer.

85. Upon information and belief, the granting of the mortgage in the Real Property for the benefit of the Trust occurred at a time when the Debtor was insolvent or caused the Debtor to become insolvent.

86. Pursuant to the allegations set forth in Count Two along with the Continuing Transfers, Plaintiff alleges that the granting of the mortgage in the Real Property for the benefit of the Trust constitutes an actual fraudulent transfer which is avoidable and recoverable by the Estate pursuant to 11 U.S.C. §§ 548(a)(1)(B), 550, and 551.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

   a. Avoiding the Principal Note as a fraudulent transfer;

   b. Avoiding the Interest Note as a fraudulent transfer;

   c. Avoiding the Lien as a fraudulent transfer and preserving the property transferred, or its value, for the benefit of the Bankruptcy Estate;

   d. Assigning to the Trustee the Sale Note and corresponding Sale Mortgage which were obtained from the sale of Estate Property;

   e. Directing the Defendant to execute all documentation necessary to assign the Sale Note and Sale Mortgage;

   f. Authorizing the Trustee to execute any and all documentation necessary, including an assignment or release of mortgage and an assignment of the Sale Note and Sale Mortgage;

g. Awarding Plaintiff $ the Rental Proceeds received by the Trust for the period from March 26, 2010 through September 22, 2011;

h. Awarding Plaintiff all Sale Proceeds received by the Trust for the period beginning September 22, 2011 through the Petition Date; and

i. For such other and further relief as this Court deems just and proper.

**FOURTH CAUSE OF ACTION – FRAUDULENT TRANSFER**
**(11 U.S.C. §§ 549, 550, and 551)**

87. The Plaintiff reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

88. Pursuant to 11 U.S.C. § 549, a post-petition transfer of property of the estate may be avoided by the trustee if such transfer was not authorized by the Court.

89. Pursuant to the Sale Note, monthly payments in the amount of $8,031.34 are due on the 22nd day of each month.

90. Upon information and belief, through the date of this Complaint, the Real Property has generated post-petition income from the Sale Proceeds in the amount of $96,376.08.

91. Trustee alleges that the post-petition Sale Proceeds already received by the Trust, and all future Sale Proceeds to be paid to the Trust constitute property of this estate and that the receipt of said payments constitute unauthorized post-petition transfers which are avoidable and recoverable by the estate pursuant to 11 U.S.C. §§ 549, 550, and 551.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

a. Avoiding the post-petition payments received by the Trust as unauthorized transfers of estate property;

b. Awarding Plaintiff $96,376.00 which amount represents the post-petition Sale Proceeds received by the Trust;

c. Directing the trustee for the Trust to remit all future Sale Proceeds received to the Plaintiff; and

d. For such other and further relief as this Court deems just and proper.

DATED this 17th day of April, 2013.

**LANE & NACH, P.C.**

By  /s/ Paul M. Hilkert -028934
    Stuart B. Rodgers
    Paul M. Hilkert
    Attorneys for Plaintiff